Filed 10/23/25  P. v. Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063425 |
| v. | (Super. Ct. No. 16NF0502) |
| FABIAN JOEL LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge. Reversed and remanded with directions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Andrew Mestman, Deputy Attorney General, for Plaintiff and Respondent.

Fabian Joel Lopez filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] At the prima facie hearing on the petition, the trial court denied Lopez resentencing relief. Appointed counsel for Lopez filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and requested this court conduct an independent review of the entire record. Appointed counsel also cited *Anders v. California* (1967) 386 U.S. 738 and identified an issue to assist in our independent review: whether Lopez's admission he attempted to murder the victim "with the specific intent to kill" conclusively rendered him ineligible for relief. Lopez was given an opportunity to file a supplemental brief, but he did not do so.

Exercising our discretion under *People v. Delgadillo*, *supra*, 14 Cal.5th at page 232, we examined the entire record and identified arguable issues. In addition to the issue raised by appointed appellate counsel, we requested letter briefs from the parties as to two other issues: (1) "[w]hether the timing of [Lopez]'s plea on January 17, 2019 renders him ineligible for relief under . . . section 1172.6"; and (2) "[t]he impact, if any, of the California Supreme Court's decision in *People v. Patton* (2025) 17 Cal.5th 549 on this case."

Although the parties agree the timing of Lopez's plea did not preclude relief under section 1172.6, they disagree as to whether Lopez is eligible for relief based on the factual basis for his plea. Addressing *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), Lopez alternatively argues this court remand to the trial court to allow him to plead any additional facts should he wish to supplement his resentencing petition; the Attorney General contends no remand is necessary. As explained below, we agree with the parties the

_____

[1] All further statutory references are to the Penal Code.

2

timing of Lopez's plea does not preclude him relief under section 1172.6. We also find Lopez's admissions, including his admission to acting with an intent to kill, did not establish all the elements of a valid theory of attempted murder under current law. Accordingly, we reverse the summary denial of his petition and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, prior to his preliminary hearing, Lopez pleaded guilty to attempted murder (§§ 664, subd. (a), 187, subd. (a)). He admitted to personally using a firearm during the attempted murder's commission (§ 12022.5, subd. (a)) and to committing the attempted murder to benefit a criminal street gang (§ 186.22, subd. (b)(1)). Lopez also admitted to having suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (a), (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A) and two prior prison commitments within the meaning of section 667.5, subdivision (b) (prison priors).[2]

Lopez's signed *Tahl*[3] form offered the following factual basis for his guilty plea: "I did willfully and unlawfully, and with the specific intent to kill, attempt to murder John Doe, a human being, by personally using a firearm . . . ." As part of the negotiated disposition, the remaining allegations and enhancements, including the allegation he personally discharged a firearm causing great bodily injury under section 12022.53, subdivision (d),

---

[2] Although the trial court minutes show Lopez admitted to having three prison priors at the time of his plea, the corresponding reporter's transcript indicates he admitted to the prior convictions noted on his plea form, of which only two were noted as prison priors.

[3] *In re Tahl* (1969) 1 Cal.3d 122.

were dismissed by the prosecution. The trial court sentenced Lopez to a total term of 25 years in prison.

In September 2023, Lopez filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed. In response to Lopez's petition, the prosecution filed an opposition asking the trial court to review the record of conviction to determine Lopez's resentencing eligibility.

In December 2023, the trial court conducted a prima facie hearing on the petition. After reviewing the abstract of judgment, register of actions, the felony complaint, Lopez's guilty plea form, and the reporter's transcript of the plea, the court denied Lopez's petition for two reasons. First, the court found Lopez to be ineligible as a matter of law because his plea was entered after the effective date of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) (Stats. 2018, ch. 1015) and second, even if this were not so, Lopez's plea established that he could "still be convicted of attempted murder on a valid theory."

Lopez filed a timely notice of appeal.

## DISCUSSION

### I.

### SECTION 1172.6

Effective January 1, 2019, Senate Bill 1437 amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief."

4

(*Lewis*, at pp. 957, 959.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of manslaughter or attempted murder based on the natural and probable consequences doctrine and made other changes to the procedure in former section 1170.95. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, §§ 1–2.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a trial court receives the petition, it shall appoint counsel if requested by the petitioner. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must file a response to the petition, and a reply may be filed by the petitioner. (*Id.*, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

At the prima facie hearing, the trial court may examine the record of conviction to assess whether it refutes a defendant's claim of eligibility. (*Patton, supra*, 17 Cal.5th at p. 563; *People v. Lewis, supra*, 11 Cal.5th at pp. 970–971.) "'"[I]f the record including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the [defendant].'"'" (*Patton, supra*, 17 Cal.5th at p. 564.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) When the defendant's "conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212) and the defendant's "express admissions at the plea colloquy." (*People v. Fisher* (2023)

5

95 Cal.App.5th 1022, 1029.) If the trial court denies the petition without issuing an order to show cause, it must state its reasons. (§ 1172.6, subd. (c).)

We independently review a summary denial of a section 1172.6 petition for resentencing. (*People v. Gaillard, supra*, 99 Cal.App.5th at p. 1211.)

II.

THE TRIAL COURT ERRED BY SUMMARILY DENYING THE PETITION

In its statement of decision, the trial court summarily denied Lopez's petition for the following reasons: "[T]he court interprets [Senate Bill No. 775] as having *clarified* (rather than changed) [s]ection 1172.6 to apply to attempted murder convictions prior to January 1, 2019. This clarification eliminated the natural and probable consequences doctrine as a theory of liability for *attempted* murder, as was done with respect to murder previously. Thus, the court interprets the ineligibility date of January 1, 2019, as having equal application to attempted murder convictions. Since [Lopez] was convicted of attempted murder after January 1, 2019, he is ineligible for relief." The court also found "no language regarding now[-]invalid theories of liability appear[ed] anywhere in the factual basis. Because [Lopez] admitted to personally using a firearm with the specific intent to kill a human being, he could still be convicted of attempted murder under current law beyond a reasonable doubt."

Lopez contends the trial court erred by concluding the timing of his guilty plea foreclosed resentencing relief as a matter of law. The Attorney General concedes the court erred by denying the petition on that basis, explaining in the respondent's letter brief: "[I]t remains respondent's position that during the period in which [Lopez] pled guilty to attempted murder, the law theoretically allowed such conviction to rest on an imputed malice or

natural and probable consequences theory. [Citations.] Thus, the fact that [Lopez]'s plea occurred after the passage of [Senate Bill] 1437 (but before [Senate Bill No.] 775 which became effective January 1, 2022) did not bar him from petitioning for relief under section 1172.6, and the timing alone does not prove he was convicted under a still-valid theory."

We agree with the parties the trial court erred by summarily denying the petition on the ground Lopez's 2019 guilty plea was entered after Senate Bill 1437 went into effect on January 1, 2019. The timing of Senate Bill 1437's effective date and Lopez's guilty plea did not render Lopez ineligible for section 1172.6 relief with regard to the attempted murder offense.

The trial court also denied the petition on the ground the factual basis for Lopez's guilty plea itself eliminated the possibility he pleaded guilty to attempted murder as an aider and abettor under the natural and probable consequences doctrine. We disagree.

Although the trial court noted the factual basis for Lopez's guilty plea contained "no language regarding now[-]invalid theories of liability," the language does not conclusively cover all the elements for still-valid theories of attempted murder. To refute Lopez's allegation he could not now be convicted of attempted murder, the record must "conclusively establish[] every element of the offense." (*People v. Curiel* (2023) 15 Cal.5th 433, 463 (*Curiel*).)

The factual basis in Lopez's plea largely tracked the generic language for the charges in the operative information and provided no specific factual information about the attempted murder. The factual basis did not conclusively establish Lopez was the actual perpetrator of the attempted murder. Although Lopez admitted to personally using a firearm in an attempt to murder John Doe, such personal use "may be found where the

7

defendant intentionally displayed a firearm in a menacing manner in order to facilitate the commission of an underlying crime." (*People v. Carrasco* (2006) 137 Cal.App.4th 1050, 1059.)

At the time of his plea, Lopez could have been convicted of attempted murder even if he was not the direct perpetrator. The use of "attempt[ed] to murder" in the plea's factual basis may have been intended as a general reference to attempted murder liability, which also encompasses other theories. The factual basis for Lopez's plea did not establish the elements of direct aiding and abetting. A theory of direct aiding and abetting requires a showing the defendant aided the commission of the offense with knowledge of the direct perpetrator's unlawful intent and with an intent to assist in achieving an unlawful purpose. (*Curiel, supra*, 15 Cal.5th at p. 463.) The statements in Lopez's factual basis do not cover this requirement. Likewise, Lopez's factual basis does not include an admission as to any act directed toward the killing, as opposed to a target offense, that would have qualified him as a direct aider or abettor.

The Attorney General argues Lopez's admission he attempted to murder John Doe "'with the specific intent to kill,'" precluded "a theory of imputed malice and conclusively proved the mens rea of attempted murder under a still-valid theory." However, Lopez's admission to acting "with the specific intent to kill" did not render him ineligible for relief. (See *Curiel, supra*, 15 Cal.5th at p. 463 ["A finding of intent to kill does not, standing alone, cover all of the required elements" and "does not itself show that a [defendant] is liable for murder under any valid theory"].) Thus, "[i]f only *one* element of the offense is established by the record, the [defendant] could still be correct that he or she could not currently be convicted of the relevant offense based on the absence of *other* elements." (*Ibid.*)

The Attorney General contends Lopez's factual basis is akin to that in *People v. Glass* (2025) 110 Cal.App.5th 922 (*Glass*). In *Glass*, the defendant was charged with murder of one victim, the attempted murder of a second victim, shooting at an inhabited dwelling, and personally using a firearm. (*Id.* at p. 926.) The defendant pleaded guilty to voluntary manslaughter, admitted to the personal use of a firearm in the commission of such, and pleaded guilty to attempted murder. (*Ibid.*) The defendant's written plea included the following factual basis: "'[The defendant] . . . [d]id unlawfully kill a human being without malice upon a sudden quarrel [in the] heat of passion,' and 'did specifically use a firearm in the commission of this offense'; and . . . '[d]id unlawfully attempt to murder a human being.'" (*Ibid.*) At the plea hearing, the trial court asked the defendant whether it was true he "'unlawfully kill[ed] a human being,' . . . 'personally use[d] a firearm in the commission of this offense,'" and "'unlawfully attempt[ed] to murder another separate human being,'" to which defendant responded, "'Yes, sir.'" (*Ibid.*)

In *Glass*, the trial court denied the defendant's resentencing petition at the prima facie stage and the appellate court agreed with the trial court.[4] (*Glass, supra*, 110 Cal.App.5th at pp. 928, 929.) The Court of Appeal in *Glass* concluded: "[T]he record of conviction, including [defendant]'s sworn statements in the plea form and at the plea hearing, establish [defendant] *could* presently be convicted of homicide and attempted murder, rendering him ineligible relief under section 1172.6." (*Id.* at p. 929.) To the extent the

---

[4] Considering the recent decision in *Patton*, the Court of Appeal conditionally affirmed and remanded the matter to trial court to allow the defendant an opportunity to plead "'additional facts'" in support of his petition. (*Glass, supra*, 110 Cal.App.5th at p. 930.)

decision in *Glass* relies on the plea form and colloquy as a basis for the denial of resentencing relief at the prima facie stage, we respectfully disagree for the reasons discussed *ante*.

Our conclusion the record of conviction fails to establish Lopez was ineligible for relief under section 1172.6 as a matter of law is consistent with Lopez not admitting the allegation he personally discharged a firearm causing great bodily injury under section 12022.53, subdivision (d), and the trial court dismissing that allegation.

As the record of conviction does not refute Lopez's claim of eligibility for relief under section 1172.6, we reverse the order summarily denying his petition and remand with directions.

## DISPOSITION

The postjudgment order is reversed and the matter is remanded to the trial court with directions to issue an order to show cause and conduct such further proceedings as necessary pursuant to section 1172.6, subdivision (d).

MOTOIKE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

GOODING, J.

10